UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL T. HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND and as Trustee of the CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION NO. 301 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> Drake Concrete, Incorporated, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. ) ) ) ) ) |

## COMPLAINT

Plaintiff, Michael T. Haffner, as Trustee of the Chauffeurs, Teamsters & Helpers Local Union No. 301 Health & Welfare Fund ("Welfare Fund") and as Trustee of the Chauffeurs, Teamsters and Helpers Local Union No. 301 Pension Fund ("Pension Fund") (jointly referred to as "Funds") by his attorneys, Martin P. Barr and William A. Widmer, III, complains against the Defendant, Drake Concrete, Incorporated ("Drake") as follows:

### JURISDICTION AND VENUE

1. Jurisdiction and venue in this court are based upon Section 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a), (e) and (f), as more fully appears herein.

### THE PARTIES

2. The Funds are multi-employer employee benefit plans within the meaning of Section 3(3) & (37) of ERISA, 29 U.S.C. §1002(3) & (37), and maintain their principal places of operation in Waukegan, Illinois.

3. Plaintiff is a Trustee of the Funds and, as such, is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21).

4. Defendant Drake is an Illinois corporation with its principal place of business within this judicial district and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

5. Chauffeurs, Teamsters and Helpers Local Union No. 301 ("Union") is an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).

## COUNT I

6. Drake and the Union are parties to a collective bargaining agreement ("Agreement") in effect from May 1, 2016 through April 30, 2019. A true copy of the Agreement is attached hereto as Exhibit 1.

7. Pursuant to Article 16 of the Agreement, Drake is required to make timely contributions to the Funds on behalf of each employee covered by the Agreement.

8. The Agreement provides in Article 16, Section 16.8 that, in the event Drake fails to timely make a contribution payment to the Funds, Drake may be assessed, in addition to the actual delinquency, a charge of one and one half percent (1½%) per month of the contributions due, in addition to reasonable attorneys' fees and costs of collection and costs of audit.

9. Pursuant to Article 16, Sections 16.5 and 16.6 of the Agreement, Drake is bound by the terms of the Funds' Trust Agreements, as well as rules and regulations adopted by the Trustees of the Funds. Copies of the Trust Agreements for the Welfare Fund and Pension Fund are attached hereto as Exhibits 2 and 3, respectively.

10. Pursuant to Article 3, Section 4(a) of the Trust Agreements, if it is necessary to institute legal action to collect delinquent contributions, Drake is required to pay the actual

delinquency, plus liquidated damages equal to ten percent (10%) of the delinquent amount, attorneys' fees and court costs.

11. Pursuant to Article 16, Section 16.7 of the Agreement, Drake agrees to make available to the Funds payroll and employment records, including monthly remittance reports, necessary to ascertain that contributions required under the Agreement have been paid correctly and in full.

12. Drake is required to submit monthly remittance reports along with required contributions no later than the fifteenth day of each month.

13. Drake has failed to submit monthly remittance reports for the months of April through July, 2018.

14. Although individuals did engage in covered work on Drake's behalf during the months of January 1, 2017 through July, 2018, Drake has failed to pay all contributions owed to the Pension Fund for those months and owes the Pension Fund $45,508.20 in unpaid contributions and liquidated damages for those months.

15. Although individuals did engage in covered work on Drake's behalf for the months of August 1, 2017 through July, 2018, Drake has failed to pay all contributions owed to the Health and Welfare Fund for those months and owes the Health and Welfare Fund $23,506.50 in unpaid contributions and liquidated damages for those months.

16. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Drake is indebted to the Funds, in addition to the delinquent contributions found due and owing, for liquidated damages and interest on the amounts found due and owing, and for attorneys' and accounting fees, costs and other legal or equitable relief as this court deems appropriate.

WHEREFORE, Plaintiff requests that this court issue an order against Drake granting the

following relief:

A. an order directing Drake to submit remittance reports and payroll records showing the amounts of contributions due and owing for the period of time from April 1, 2018 through the date of entry of judgment;

B. a judgment on behalf of the Health & Welfare Fund for the delinquent contributions and liquidated damages owed pursuant to the Agreement and trust agreements for the period of time August 1, 2017 through July, 2018 and for such amounts as become due during the pendency of this proceeding;

C. a judgment on behalf of the Pension Fund for the delinquent contributions and liquidated damages owed pursuant to the Agreement and trust agreements for the months of January 1, 2017 through July, 2018 and for such amounts as become due during the pendency of this proceeding;

D. a judgment on behalf of Plaintiff finding Drake liable for interest on the delinquent contributions pursuant to 29 U.S.C. Section 1132 (g)(2)(B);

E. a judgment on behalf of Plaintiff for reasonable attorneys' fees and costs incurred by the Funds in bringing this action; and

F. such other and further relief as by the Court may be deemed just and equitable.

Respectfully submitted,

_____/s/ Martin P. Barr_____
Martin P. Barr

_____/s/ William A. Widmer, III_____
William A. Widmer, III,

CARMELL CHARONE WIDMER MOSS & BARR
One E. Wacker Drive, Suite 3300
Chicago, Illinois 60601
(312) 236-8033
Dated: August 31, 2018

4